# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT MARTIN BARRITT,**

        **Petitioner,**

v.                                                                 Civil Action No. 2:08cv43
                                                                                     (Judge Maxwell)

**DAVID BALLARD, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

The *pro se* petitioner initiated this action on February 4, 2008, by filing a Petition for Action under 28 U.S.C. § 2243 and paying the $350 civil fee. In the petition, the petitioner asserts that his constitutional rights have been violated and that he seeks an evidentiary hearing on habeas corpus grounds under § 2243. On March 20, 2008, the undersigned reviewed the petition and determined that § 2243 did not state an appropriate jurisdictional basis for the petitioner's claims. Therefore, reading the petition liberally, the undersigned determined that the petitioner was challenging a state court conviction and sentence arising from the Circuit Court of Ohio County, West Virginia. Thus, the undersigned construed the petition as a challenge to the petitioner's state court conviction under 28 U.S.C. § 2254 and refunded the petitioner his overpayment of the $5.00 habeas corpus fee.

On March 27, 2008, the plaintiff objected to the Order of March 20, 2008, construing his case as a § 2254 habeas corpus action. Those objections have not been ruled on by the district judge. Nonetheless, the undersigned finds that the petitioner's construed § 2254 petition is successive and due to be dismissed as the same.

## II.  Petitioner's Conviction and Sentence

On January 2, 1981, the petitioner was convicted of first degree murder in the Circuit Court of Ohio County.  See Barritt v. Painter, 5:01cv30 (N.D.W.Va. Sept. 2002) (dckt. 29) at 2.  The petitioner is currently serving a sentence of life without mercy in the penitentiary.  Id.  The petitioner filed an appeal of his conviction and sentence to the West Virginia Supreme Court of Appeals (WVSCA").  Id.  That appeal was refused on May 13, 1982.  Id.  The petitioner then filed a state habeas petition in the Circuit Court of Ohio County.  Id.  That petition was denied.  Id.

The petitioner later filed a second state habeas petition with the Circuit Court of Ohio County.  Id.  That petition was also denied.  Id.  The petitioner appealed the denial of his second state habeas petition to the WVSCA.  Id.  That appeal was also refused.  Id.

On June 24, 1982, the petitioner filed his first federal habeas petition.  Id. at 2-3.  That case was later dismissed without prejudice upon the petitioner's motion.  Id. at 3.  The petitioner then filed a second federal habeas petition on December 16, 1982.  Id.  That petition was ultimately denied.  Id.  The petitioner filed a third federal habeas petition on March 28, 1983.  Id.  That petition was denied on January 10, 1986.  Id.  The petitioner appealed the denial of his third federal habeas petition to the Fourth Circuit Court of Appeals.  Id.  The petitioner's appeal was dismissed on October 2, 1986.  Id.  The petitioner filed a petition for writ of certiorari to the Supreme Court of the United States.  Id.  The petitioner's writ was denied on February 23, 1987.  Id.

The petitioner then filed a fourth federal habeas petition on May 15, 2000.  Id.  That petition raised the same claims as were raised in the petitioner's third federal habeas petition.  Id. Moreover, in that petition, the petitioner argued that he was entitled to federal habeas relief because he had never been afforded a full evidentiary hearing on any of his prior habeas petitions and because he

had newly discovered evidence. Id. However, the Court in that case found that the petitioner's fourth habeas petition was second or successive and that it must be dismissed. Id. at 4. In addition, the Court found that the petitioner's "newly discovered evidence" was contrived. Id. Therefore, the petitioner's fourth federal habeas corpus petition was denied as successive. Id. at 5.

### III. Analysis

As noted in the Order denying the petitioner's fourth federal habeas petition, Title 28 U.S.C. § 2244 (b) provides that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, the petitioner has filed *four* previous § 2254 petitions in this Court challenging the same conviction and sentence at issue in the instant case. The petitioner's fourth petition was found to be successive and untimely and was dismissed for those reasons. See United States v. Winestock, 340 F.3d 200, 2005 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). The petitioner's

3

claims in this case are nothing new. Here, the petitioner tries, for the fifth time, to obtain federal habeas review of the same Ohio County conviction as in his previous federal habeas petitions. In fact, the basis for the instant petition is exactly the same as one argued in his fourth habeas petition, that he is entitled to federal habeas relief because he has never been afforded a full evidentiary hearing on any of his prior habeas petitions. Even if this claim was not successive, the petitioner's argument is fatally flawed, however, because he is not *entitled* to a evidentiary hearing under § 2254. An evidentiary hearing is only required to the extent that the pertinent facts are not fully developed on the record. See 28 U.S.C. § 2254(e)(2); Rule 8 of the Rules Governing Section 2254 Cases.

## IV. Recommendation

For the foregoing reasons, it is recommended that the petitioner's objections to the undersigned's Order of March 20, 2008, be **OVERRULED** and the petitioner's construed § 2254 petition be **DENIED** and **DISMISSED with prejudice as successive**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE